# IN THE MATTER OF JOHN R. WOODWARD III.
## (SUPREME COURT DISCIPLINARY No. 278)
### (378 SE2d 110)

PER CURIAM.

The State Bar of Georgia brought disciplinary proceedings against John R. Woodward III, charging him with violations of Standard 3 (illegal professional conduct involving moral turpitude), Standard 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), and Standard 45 (knowingly making a false statement of law or fact in representation of a client). See State Bar Rule 4-102.

The Special Master and the Review Panel of the State Disciplinary Board found the following facts. In 1969, Dun & Bradstreet, Inc., referred to the respondent a collection matter for Ad Vantage Ad, Inc., against Ralph B. Smith, d/b/a Jesup Pharmacy. The respondent undertook efforts to collect the account. Ad Vantage discontinued these proceedings on November 26, 1969. Dun & Bradstreet notified the respondent of this decision. From 1972 to 1979, the respondent had no contract with Ad Vantage and took no further action in an effort to collect the account. In December 1980, when the respondent initiated involuntary-bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Georgia against Smith, no attorney-client relationship existed between the respondent and Ad Vantage. Subsequent to filing the involuntary-bankruptcy proceeding and on December 30, 1980, the respondent corresponded with Ad Vantage, requesting authorization to include Ad Vantage in the bankruptcy proceeding. On January 8, 1981, Ad Vantage replied in writing, requesting that the respondent "[j]ust forget the amount owed us." This letter was received by the respondent. In early January 1981, probably subsequent to receipt of the letter of Ad Vantage, the respondent telephoned Ad Vantage, again seeking authorization to include it in the pending bankruptcy proceeding. At no time was the respondent authorized to bring an involuntary-bankruptcy action in the name of Ad Vantage. In a hearing before Judge Herman W. Coolidge, the bankruptcy-court judge, on January 16, 1981, the respondent misrepresented to Judge Coolidge his authority to act for Ad Vantage.

The respondent has filed with the State Disciplinary Board and this Court numerous exceptions to the report of the Review Panel, many of which seek to appeal other legal proceedings from both state and federal courts which are irrelevant to this proceeding. Under Bar Rule 4-214, the respondent is entitled to a jury trial in the county of his residence, Wayne County, since there are no provisions in the Bar Rules for transfer of venue in disciplinary proceedings, and since the respondent specifically rejected a jury trial in Wayne County. Thus,

the review panel correctly concluded that, under the foregoing circumstances, the respondent's request for a jury trial in Bryan County amounted to a waiver of his right to a jury trial in the county of his residence.

The Review Panel recommended that the respondent be suspended from the practice of law for a period of two years, and that he be required to take and pass the Georgia Bar Exam before any consideration for reinstatement.

After having reviewed the record, we approve and adopt the recommendation of the board. It is ordered that the suspension of John R. Woodward III, from membership in the State Bar of Georgia and the suspension of his license to practice law in the State of Georgia for two years commencing May 1, 1989, be approved for violations of Standards 3, 4 and 45 of the Rules of the State Bar of Georgia. It is further ordered that Woodward be required to fulfill all requirements for reinstatement including taking and passing the Georgia Bar Examination prior to his readmission to the Bar, and that he notify his clients of his suspension and take all actions necessary to protect their interests, as required by Bar Rule 4-219.

*Suspended for two years. All the Justices concur.*

DECIDED APRIL 5, 1989 —
RECONSIDERATIONS DENIED MAY 3, 1989 AND MAY 11, 1989.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.